**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CHARLES PAUL PROBST, 4TH,**

                     **Plaintiff,**

  vs.                                           **1:17-CV-0136
(MAD/DJS)**

**KATHLEEN JANKOWSKI,**

                     **Defendant.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**CHARLES PAUL PROBST, 4TH**
98 Breslin Ave.
Cohoes, New York 12047
Plaintiff _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action _pro se_ on February 7, 2017, against Kathleen Jankowski. _See_ Dkt. No. 1. Plaintiff asserts a civil rights claim against Defendant pursuant to 42 U.S.C. § 1983. _See id._ In the Complaint, Plaintiff asserts the sole allegation of a "[f]alse restraining order due to no harm and assault" against Defendant. Dkt. No. 1 at 2. Plaintiff's prayer for relief requests that this Court will "[c]lear record of arrest." Dkt. No. 1 at 4. Magistrate Judge Stewart granted Plaintiff's application to proceed _in forma pauperis_ and in a Report-Recommendation and Order dated March 23, 2017, reviewed the sufficiency of the Complaint. _See_ Dkt. No. 5; _see_ Dkt. No. 6. In his review, Magistrate Judge Stewart was unable to discern what Constitutional right has been violated or why the action was brought against the named Defendant and, therefore, recommended a dismissal of the complaint with Plaintiff provided the opportunity to amend. _See_ Dkt. No. 6 at 4-5.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial

2

review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("a *pro se* party's failure to object to a . . . report and recommendation . . . does not [waive his] right to appellate review . . . unless the magistrate's report explicitly states that failure to object . . . will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and [former] 6(e) of the Federal Rules of Civil Procedure").

In the present matter, Magistrate Judge Stewart provided Plaintiff adequate notice that he was required to file any objections to the Report-Recommendation and Order, and informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 6 at 7. Specifically, Magistrate Judge Stewart informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a)." *See id.* Magistrate Judge Stewart clearly provided plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation and Order.

Despite the notice provided by Magistrate Judge Stewart, Plaintiff has failed to make any objection to the Report-Recommendation and Order, and therefore, the standard of review is clear error. Upon review of Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds no clear error in Magistrate Judge Stewart's recommendations and hereby affirms and adopts the Report-Recommendation and Order as the opinion of the Court. Additionally, in consideration of Plaintiff's *pro se* status, the Court will

afford Plaintiff with the opportunity to amend his complaint to sufficiently set forth a claim on which relief may be granted.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed in all respects, with leave to file an amended complaint within **thirty (30) days** of the date of this Order;[1] and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2017
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] If Plaintiff wishes to file an amended complaint, the Court advises Plaintiff to follow Magistrate Judge Stewart's guidance outlined on pages five and six of the Report-Recommendation and Order.